JAMES T. BLAKELY, Respondent, v. WALLER & HOLZ COMPANY, Appellant.

Kansas City Court of Appeals, May 18, 1914.

**REAL ESTATE BROKERS: Commission.** The owner of land gave a real estate broker the exclusive agency, for two weeks, to sell his farm, and then on the same day engaged another agent to sell it. The agent who held the exclusive right also engaged him to assist him (agent) in selling it and he did make an effort for the latter with one Galbreath, but failed. After the two weeks expired for the other agent, the owner again urged him to find a buyer and he continued his effort with Galbreath, frequently conferring with the owner. Finally the owner sold the farm himself; *Held*, that the owner could not defend on the ground that the agent had acted for the exclusive agent and for him. This for two reasons; one that the owner could not take advantage of his own wrong; and the other that the effort to sell with the owner's consent continued and was consummated after the exclusive agency had ceased.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn,* Judge.

AFFIRMED.

*H. H. McCluer* and *Omar E. Robinson* for appellant.

The court erred in not instructing the jury, at the close of all the evidence, to find the issues in favor of the defendant, appellant herein, and requested by the appellant. Rice v. Wood, 113 Mass. 133; Lynch v. Fallon, 111 R. I. 311; Fuller v. Dane, 18 Pick. 472; Everhart v. Searle, 71 Pa. St. 256; Altee v. Fink, 75 Mo. 100; Robinson v. Jarvis, 25 Mo. App. 425; De-Steiger v. Hollington, 17 Mo. App. 382; Chapman v. Currie, 51 Mo. App. 40; Smith v. Tyler, 57 Mo. App. 672; Newman v. Friedman, 156 Mo. App. 149; Loving v. Hesperian Cattle Co., 176 Mo. 351; Dodge v. Childers, 167 Mo. App. 454; Page v. Griffin, 71 Mo. App. 529; Beauchamp v. Higgins, 20 Mo. App. 517; Ceis v. Gale, 168 Mo. App. 285.

*Hadley, Cooper & Neel* for respondent.

(1) The agency was not specifically limited as to time and continued for a reasonable time unless revoked. Turner v. Snyder, 132 Mo. App. 322. (2) The plaintiff was the procuring cause of the sale. Beauchamp v. Higgins, 20 Mo. App. 514; McCormick v. Obanion, 153 S. W. 270; Hamilton v. Davison, 153 S. W. 277; Bell v. Keyser, 50 Mo. 150. (3) The judgment should be affirmed with 10 per cent damages as it is vexatious and frivolous. Bonnell v. Express Co., 45 Mo. 422; Darby v. Jorndt, 85 Mo. App. 274; Railroad v. Fenemore, etc., 84 Mo. App. 228; Phillips v. Phillips, 107 Mo. 364; Moneyham v. Cella, 91 Mo. App. 265; Watson v. Fehlig, 59 Mo. App. 276.

ELLISON, P. J.—This action is to recover a commission for the sale of defendant's farm to Mr. Galbreath. The judgment was against defendant. Plaintiff owned land himself and likewise acted as agent for others in selling their lands receiving compensation at the rate of one dollar per acre as his commission. He owned a farm near La Plata, Missouri and he resided in that place. He traded this farm to defendant for flats in Kansas City, Missouri, the deal being closed in the latter place, September 21, 1911, in the office of Shaw & Williams. It seems defendant, according to testimony in its behalf, immediately placed the farm in the hands of Shaw & Williams for two weeks, as exclusive agents to sell it. Though, through its president, it also requested plaintiff to find a buyer on his return home. Plaintiff endeavored to sell it to Mr. Galbreath during the two weeks limit of the Shaw & Williams exclusive agency, but failed. Much is made of this agency of Shaw & Williams and of the fact that plaintiff first solicited Galbreath during that time as their agent and not defendant's. We think it of no importance, further than being part of the history of the case.

We must accept the evidence in plaintiff's behalf as the facts of the case, and from that it appears that ten days or more after Shaw & Williams' agency had ceased, defendant, on October 21, wrote plaintiff to sell the land and stating the price to be $60 per acre, but asking him to get an offer. Plaintiff continued his efforts with Galbreath and then, on the 1st of November, he became a resident of Kansas City, at which place he from time to time talked with defendant's president telling him of Galbreath's offer of $40 per acre and that he felt confident Galbreath would finally buy. In a few days after this defendant (without plaintiff's knowledge) sent one Schweizer to La Plata (who was really a dormant part owner) and he sold the farm to Galbreath for $46.25 per acre. The testimony

of Galbreath and the correspondence between him and plaintiff discloses the latter's continuous effort to sell. Finally Galbreath, in a letter to plaintiff of November 28th, spoke of Schweizer, and finally on December 10th wrote plaintiff his first information that the sale had been made by defendant.

By calling to its aid the evidence tending to show the exclusive agency of Shaw & Williams for two weeks, and then claiming that plaintiff did not act for them, but for himself or defendant, the latter makes a lame effort to build up a theory of double dealing—the service of two masters—by plaintiff which bars him of a recovery under the rule many times asserted in this State. [Corder v. O'Neal, 207 Mo. 632; De Steiger v. Hollington, 17 Mo. App. 382.] If we were to allow defendant to make this claim at this time it would be giving him an advantage of his own wrong. If he had given Shaw & Williams an exclusive right for two weeks, he had committed the wrong of engaging plaintiff within that time. We are unable to understand why he should be allowed to reap the benefit of a rule he joined in violating. But, aside from that, plaintiff's efforts to bring about the sale continued, at defendant's special instance, long after the exclusive agency had ceased.

The action of the court on the instructions was in every way proper, save, perhaps, in view of the evidence, being too liberal for the defendant.

The judgment being manifestly for the right party, it is affirmed. All concur.